JAMES WILKINSON, plaintiff in error, vs. JONATHAN DAVIS, Executor of Elbert Heister, dec'd, defendant in error.

The rule as to laying the foundation for impeaching a witness by statements made out of Court, was not complied with in this case, and therefore there was error in admitting the impeaching evidence.

Complaint.  In Lee Superior Court.  Tried before Judge
ALLEN.  March Term, 1861.

This action, was on a promissory note given by Heisler,
the defendants intestate, and another.  The plea was pay-
ment; and to meet the same, the plaintiff introduced the
testimony of one Elizabeth Johns, taken by interrogatories,
who testified that she heard Heisler say in the morning of
the day he was shot, that plaintiff had taken up this note;
that he, Heisler, was going to get the money and have a set-
tlement with plaintiff; and that he did not know that he
owed plaintiff the full amount of the note when they came
to a settlement.

One of the cross-interrogatories was in these words:
"Have you ever had a conversation with Wm. C. Gill, of
Lee county, concerning the note referred to in the direct
interrogatory?  If yea, state what that conversation was,
when and where it was, and who was present at the time,
and every thing about it."

To this, the witness answered as follows:

"I have had a conversation with said Gill, as referred to
in the direct (?) interrogatory, and do not recollect what that
conversation was, more than I told said —— I did not think
Heisler owed James Wilkinson more than two hundred
dollars."

The defendant introduced Wm. C. Gill, to whose evidence
the plaintiff objected on the ground that a proper foundation
for it had not been laid.  The Court overruled the objection;
and Gill testified "that Mrs. Johns stated to him that Elbert
Heisler said to her that he and plaintiff were to have a set-
tlement, and that plaintiff would be owing him three or
four hundred dollars.  She did not say at what time she got
the information from Elbert Heisler."

There was other evidence in the case, but it need not be
recited.

The jury found for the defendant; and the plaintiff moved

Suttle and wife vs. Calwell et al.

for a new trial on the ground, among others, that the Court erred in admitting the evidence of Gill as above set out. The Court refused a new trial, and that is complained of as error.

WEST and VASON & DAVIS, for plaintiff in error.

WARREN & FLOYD, for defendant.

HARRIS, J.

The defendant below, by a cross-interrogatory propounded to Mrs. Johns, a witness for plaintiff to prove an admission of indebtedness by Heisler on the morning of the day he was killed, sought to lay a foundation, so as to call a witness to discredit her. It was not done in accordance with the rule laid down many years ago, in a case determined at Talbotton, and which rule has been repeatedly reaffirmed. As the cross-interrogatory was not in conformity to the rule on this subject, the circuit Judge erred in allowing Gill to testify as to her conversation with him.

The record shows that the defendant relied on the plea of payment. Two witnesses testify as to settlements at different times; yet, whether there was a payment at all—a payment in part or in full,—does not appear. Payment and settlement are by no means synonymous.

As this case is sent back for a re-hearing, to put the matter beyond conjecture, the testimony of the witnesses who were present at any settlement ought to be re-taken; and they should be so interrogated as to draw out what occurred.